UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | | |
|---|---|---|
| **DR. ANDREW W. WRIGHT** | * | **CIVIL ACTION NO.  13-2262** |
| **VERSUS** | * | **JUDGE ELIZABETH E. FOOTE** |
| **LOUISIANA STATE UNIVERSITY HEALTH SCIENCES CENTER, ET AL.** | * | **MAG. JUDGE KAREN L. HAYES** |

**MEMORANDUM RULING**

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion to remand and associated request for attorney's fees [doc. # 8] filed by Plaintiff Andrew W. Wright.[1]  For the reasons stated below, the motion to remand is GRANTED, but the request for fees is DENIED.

**Background**

On June 21, 2013, Andrew W. Wright filed the instant "Petition for Declaratory Judgment and Other Relief" against Louisiana State University Health Sciences Center ("LSUHSC"), the Louisiana State University Board of Supervisors ("LSU Board"), and Department Chair, John Marymont.  Wright alleges that LSUHSC contractually agreed to provide him with post-graduate medical training in orthopedic surgery for the period from July 1, 2011, through June 30, 2012. (Petition, ¶ 2).  By letter dated, March 1, 2012, however, Wright

---

[1] As this is not a motion excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court.  Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

was notified that his contract would not be renewed. *Id.*, ¶ 4. Wright administratively appealed the non-renewal decision, but to no avail. *Id.*, ¶¶ 7-12.

Wright contends that, according to LSUHSC's House Staff Manual, LSUHSC was required to provide him with written notice of intent not to renew his contract no later than four months prior to the end of his current contract. *Id.*, ¶ 3. Wright argues that the notice he received was untimely; thus, he "seeks a Judgment declaring [that] the Notice of Non-renewal [was] not timely given, and accordingly it should be declared to be renewed." *Id.*, ¶ 4.

In addition to his claim for declaratory relief, Wright contends that the non-renewal decision arose from John Marymont's unwillingness to consider Wright's medical condition, which affords Wright certain rights and privileges both under the Americans with Disability Act ("ADA") and the "Civil Rights Act for Handicapped Persons" ("CRAHP"), La. R.S. 46:2251, *et seq*. (Petition, ¶ 13). Wright further alleges that Marymont, personally, and on behalf of LSUHSC, violated Article I § 3 of the Louisiana Constitution by discriminating against Wright on account of his bi-polar disorder – a condition that falls under the ADA and the CRAHP. *Id.*, ¶ 18. Wright seeks damages under Louisiana Revised Statute 46:2256(B) for injury to his person, his professional reputation, and for significant loss of future income. *Id.*, ¶¶ 13, 19. He also requests an award of attorney's fees and costs. *Id*.

On July 15, 2013, Defendants, the LSU Board and John Marymont, removed the matter to federal court on the basis of federal question jurisdiction, 28 U.S.C. § 1331. (Notice of Removal, ¶ 2-3). On August 8, 2013, Wright filed the instant motion to remand on the following grounds, 1) removal was procedurally defective because co-defendant, LSUHSC, did not join in, or timely consent to removal; and 2) the court lacks subject matter jurisdiction. Briefing is complete; the

matter is now before the court.

## Analysis

**I.     LSUHSC is a Nominal Defendant that Need Not Join in or Consent to Removal**

It has long been the rule in the Fifth Circuit that all properly joined and served defendants must join in the notice of removal or otherwise consent to removal within the 30 day period set forth in 28 U.S.C. § 1446(b).  *Jones v. Scogin*, 929 F.Supp. 987, 988 (W.D. La. 1996) (citing *Getty Oil, Div. Of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1263 (5th Cir. 1988)). Failure to do so renders the removal defective.  *Getty Oil*, 841 F.2d at 1263.  While each defendant need not sign the notice of removal, there must be "some timely filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have the authority to do so, that it has actually consented to such action."  *Gillis v. Louisiana,* 294 F.3d 755, 759 (5th Cir. 2002) (quoting, *Getty, supra*).

The Federal Courts Jurisdiction and Venue Clarification Act of 2011 (the "JVCA") codified the foregoing jurisprudential rule, as follows, "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been *properly joined* and served must join in or consent to the removal of the action."  28 U.S.C. § 1446(b)(2)(A) (emphasis added).

Removing defendants contend, however, that LSUHSC need not join in or consent to removal, in effect, because it is not a properly joined party separate from the LSU Board.  Indeed, the Fifth Circuit has recognized that a removing defendant need not obtain the consent of a co-defendant that was not properly joined.  *Rico v. Flores*, 481 F.3d 234, 239 (5th Cir. 2007) (citing *Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993)).  Similarly, mere nominal or formal parties need not join in the notice of removal.  *Farias v. Bexar Cnty. Bd. of Trustees for*

*Mental Health Mental Retardation Servs.*, 925 F.2d 866, 871 (5th Cir. 1991) (citations omitted). To establish that a non-consenting party is nominal, "the removing party must show . . . that there is no possibility that the plaintiff would be able to establish a cause of action against the non-removing defendants in state court." *Id*. (citation omitted).

Rule 17(b) of the Federal Rules of Civil Procedure provides, in pertinent part, that capacity to sue or be sued is determined "by the law of the state where the court is located . . ." Fed.R.Civ.P. 17(b)(3). Under Louisiana law, the Louisiana State University Hospital at Shreveport was merged with the Louisiana State University Health Sciences Center at Shreveport (i.e., LSUHSC). La. R. S. § 17:1517(A). Moreover, all funds, property, obligations, and functions of LSUHSC were transferred to the LSU Board. La. R.S. § 17:1517(B). Further, in 1998, Judge Stagg held that the Louisiana State Medical Center – Shreveport is not a proper defendant, distinct from the LSU Board. *Boston v. Tanner*, 29 F. Supp. 2d 743, 745 (W.D. La. 1998). More recently, the Louisiana Fourth Circuit Court of Appeal held that LSU Health Sciences Center - New Orleans was not a proper party to a suit because it lacked the procedural capacity to sue or be sued. *See LeBlanc v. Thomas*, 23 So. 3d 241, 244 (La. 2009) (discussing the court of appeal's decision).

Relying upon the foregoing authority, the undersigned concludes that LSUHSC is not an entity capable of being sued separately from the LSU Board. Consequently, LSUHSC is not a properly joined party, and need not join in or consent to removal. Removal was not procedurally deficient or improvident.

## II.     The Court Does Not Enjoy Subject Matter Jurisdiction Via Federal Question

Federal courts are courts of limited jurisdiction. *Howery v. Allstate Ins. Co.*, 243 F.3d

912, 916 (5th Cir. 2001) (citation omitted). Thus, a suit is presumed to lie outside this limited jurisdiction unless and until the party invoking federal jurisdiction establishes otherwise. *Id*. Federal law authorizes the removal to federal court of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . ." 28 U.S.C. § 1441(a). A *Howery v. Allstate Ins. Co.*, 243 F.3d 912 (5th Cir. 2001) (citations omitted). Here, removing defendants invoke federal subject matter jurisdiction solely on the basis of federal question, which confers district courts with "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; Notice of Removal, ¶ 2.

      To support removal premised on federal question jurisdiction, a removing defendant must show that the plaintiff has alleged (1) a federal claim; (2) a state cause of action that Congress has transformed into an inherently federal claim by completely preempting the field; (3) a state-law claim that necessarily raises a disputed and substantial issue of federal law that a federal court may entertain without disturbing federal/state comity principles; or (4) a claim for injunctive relief from state regulation on the basis that such regulation is preempted by a federal statute. *Marren v. Stout*, Civil Action No. 12-0631, 2013 WL 1117539 (W.D. Tex. Mar. 18, 2013) (as to bases 1-3) (citations omitted); *Gillis v. Louisiana*, 294 F.3d 755, 760 (5th Cir. 2002) (as to basis 4).

      Removing defendants contend that federal question jurisdiction is satisfied pursuant to grounds one and two, only. However, for the sake of completeness, the court also will address grounds three and four.

      1)    <u>Federal Claim</u>

      "The presence or absence of federal - question jurisdiction is governed by the

'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 118 S.Ct. 921 (1998). "[A] suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution." *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152, 29 S.Ct. 42, 43 (1908). Stated another way,

> whether a case is one arising under the Constitution or a law or treaty of the United States, in the sense of the jurisdictional statute, ... must be determined from what necessarily appears in the plaintiff's statement of [her] own claim in the bill or declaration, unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose.

*Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 10, 103 S.Ct. 2841, 77 (1983) (quoted source omitted).

However,

> [t]he plaintiff is [] the master of her complaint. A plaintiff with a choice between federal- and state-law claims may elect to proceed in state court on the exclusive basis of state law, thus defeating the defendant's opportunity to remove, but taking the risk that his federal claims will one day be precluded.

*Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995) (citations omitted).

In the case *sub judice*, removing defendants contend that Plaintiff is seeking redress under the ADA because he stated that his medical condition conferred certain rights and privileges under the ADA. However, Plaintiff actually stated that his condition conferred certain rights and privileges under *both* the ADA and the CRAHP. Moreover, an alleged violation of a federal regulation, when coupled with an alleged violation of state and local regulations, does not suffice to render the action one arising under federal law. *MSOF Corp. v. Exxon Corp.*, 295 F.3d 485, 490 (5th Cir. 2002) (citation omitted). Indeed, Plaintiff requested *relief* solely under the CRAHP. *See* Petition. The best that can be said for defendants is that it is possible to construe

6

Plaintiff's pleadings as stating a federal claim. *See Lorenz v. Texas Workforce Comm'n*, 211 F. App'x 242, 245 (5th Cir. 2006). But, when, as here, it is equally possible that he is bringing a claim solely under state law, the petition remains ambiguous, and the allegations must be strictly construed against removal. *Id*.

The court's analysis is buttressed by Plaintiff's candid representation that his pleading does not reference any relief under any federal statute or constitutional right, but instead, is limited to rights under Louisiana law. (M/Remand, pg. 8). Of course, if, at a later date, Plaintiff should make it "unequivocally clear and certain" through "service or otherwise, of a copy of an amended pleading, motion, or order or other paper," that he is stating a claim for relief under federal law, then defendants would be entitled to again remove the action. *See*, *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002) (discussing removal under the "other paper" provision of 28 U.S.C. § 1446(b)). For now, however, it is apparent that Plaintiff does not state a claim under the Constitution, laws, or treaties of the United States.

    2)    <u>No Complete Preemption</u>

The "artful pleading" doctrine is an "independent corollary" to the well-pleaded complaint rule. *MSOF Corp., supra* (*citing Rivet, supra*). This principle provides that a "plaintiff may not defeat removal by omitting to plead necessary federal questions." *Rivet, supra* (citation omitted). The artful pleading doctrine permits removal in cases where federal law completely preempts the plaintiff's state law claim. *Id*. In fact, without complete preemption, the artful pleading doctrine does not apply. *Terrebonne Homecare, Inc. v. SMA Health Plan, Inc.*, 271 F.3d 186, 189 (5th Cir. 2001) (citation omitted).

Removing Defendants contend that Plaintiff artfully styled his petition in an effort to

conceal his ADA claim. However, plaintiff, as master of his complaint, is permitted to eschew his federal remedies. *See* discussion, *supra*. Furthermore, there is no allegation or showing that federal law has completely preempted the field of disability discrimination, as required to support the artful pleading doctrine.

        3)       <u>No Substantial, Disputed Issue of Federal Law</u>

A cause of action that is created by state law still may "arise under" the laws of the United States if the well-pleaded complaint establishes that plaintiff's right to relief under state law requires resolution of a substantial, disputed question of federal law. *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 13, 103 S.Ct. 2841, 2848 (1983). In *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, the Supreme Court framed the question, as follows, "does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Products v. Darue Engineering*, 545 U.S. 308, 314, 125 S.Ct. 2363, 2368 (2005). However, it "takes more than a federal element to open the 'arising under' door." *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 126 S.Ct. 2121 (2006) (citation omitted).

In the aftermath of *Grable & Sons*, the Fifth Circuit articulated four requirements that must be met before a federal issue embedded in a state law cause of action will confer federal question jurisdiction: "(1) resolving [the] federal issue is necessary to resolution of the state-law claim; (2) the federal issue is actually disputed; (3) the federal issue is substantial; and (4) federal jurisdiction will not disturb the balance of federal and state judicial responsibilities." *Singh v. Duane Morris LLP*, 538 F.3d 334, 338 (5th Cir. 2008).

8

Applying the foregoing considerations here, the undersigned initially observes that Defendants make no effort to demonstrate that Plaintiff's petition meets the applicable standard. This omission alone precludes a determination that Plaintiff's petition raises "a significant federal issue sufficient to establish federal question jurisdiction." *See New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 338 (5th Cir. 2008). Moreover, in the case *sub judice*, there is no indication that resolution of Plaintiff's alleged protected status under the ADA is indispensable to Plaintiff's case, as he has alleged violations of parallel discrimination protections under state law. Furthermore, exercising federal question jurisdiction in this case would upset the balance of state and federal responsibilities by essentially federalizing state law disability discrimination cases that incidentally allege protected status under a federal statute – a result not intended by Congress or the Supreme Court. *See Singh, supra*.

In sum, Defendants have failed to establish the stringent and limited circumstances whereby a federal court may exercise federal question jurisdiction as a result of a federal issue embedded within a state law cause of action. *Singh, supra*.

  4) <u>No Claim for Injunctive Relief Based Upon Federal Preemption</u>

In *Shaw v. Delta Air Lines, Inc.*, the Supreme Court held that

> [a] plaintiff who seeks injunctive relief from state regulation, on the ground that such regulation is pre-empted by a federal statute which, by virtue of the Supremacy Clause of the Constitution, must prevail, thus presents a federal question which the federal courts have jurisdiction under 28 U.S.C. § 1331 to resolve.

*Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 103 S.Ct. 2890, n. 14 (1983).

In *Gillis, supra*, the court invoked *Shaw* to find federal question jurisdiction where the plaintiff sought a declaration of rights and implicitly sought injunctive relief based on a federal statute.

9

*See Gillis, supra.*[2]

Here, in contrast, Plaintiff's sole claim for *declaratory* relief is limited to a determination that the non-renewal notice was untimely pursuant to the LSUHSC House Staff Manual – not because any alleged transgression of federal law. Furthermore, Wright's petition seeks a declaration, but there is no indication that he seeks associated injunctive relief.[3]

In sum, removing defendants have not demonstrated that this court enjoys federal question jurisdiction as required to entertain this matter. Accordingly, subject matter jurisdiction is lacking and remand is required. 28 U.S.C. § 1447(c).

**III.    Plaintiff is Not Entitled to Costs, Expenses, or Fees**

Plaintiff seeks an award of expenses, costs, and attorney's fees as a result of Defendants' alleged improvident removal. An order remanding a case to state court may require payment of "just costs and any actual expenses, including attorney fees," that were incurred as a result of removal. 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.* 546 U.S. 132, 141, 126 S.Ct. 704, 711 (2005).

Given the ambiguities in Plaintiff's petition, the court cannot conclude that Defendants' removal was objectively unreasonable.

---

[2]  Plaintiffs in *Gillis* and in this case are represented by the same counsel.

[3]   In *Gillis*, the court relied on plaintiff's prayer for "full, general and equitable relief," to support the finding that plaintiff stated an implicit claim for injunctive relief. *Compare Gillis, supra*.

10

**Conclusion**

For the foregoing reasons,

IT IS ORDERED that the motion to remand [doc. # 8] filed by Plaintiff Andrew W. Wright is hereby GRANTED. The case shall be REMANDED, via separate judgment, to the First Judicial District Court for the Parish of Caddo, State of Louisiana.

IT IS FURTHER ORDERED that Plaintiff's request for expenses, costs, and attorney's fees is DENIED.

THUS DONE AND SIGNED in chambers, at Monroe, Louisiana, this 23rd day of September 2013.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE